STATE EX REL. POWELL *v.* BOWEN ET AL.

[No. 26,721. Filed April 29, 1937.]

---

3. (1931), 203 Ind. 457, 180 N. E. 865.

*Howard Benninghoff, Mountz & Mountz, Roy Wagner,* and *H. B. Grafmiller,* for appellant.

*Walter E. Helmke, Douglas & Helmke,* and *George H. Leonard,* for appellees.

FANSLER, J.—The relator brought this action in mandate to compel the board of public safety of the city of Fort Wayne to reinstate him as a member of the police department as of May 29, 1928. The complaint was filed in 1935. It alleges that the relator was employed as a police office in November, 1919, and that he served continuously until May 29, 1928, and at the latter date he was traffic sergeant; that at that time, when he was on a "leave of absence traveling through a great number of western cities studying and analyzing traffic conditions and problems," he was discharged and dismissed, and that the following order was made by the board of public safety: "Motion made and sec-

onded James V. Powell, Traffic Sergeant, was dismissed from police force for leaving City without consent of the Chief as per the requirement"; that on or about June 1, 1928, he demanded a hearing from the board of public safety, but it was refused.

There was a trial by the court, and the facts were found specially.

It is found that, prior to May 1, 1928, the relator asked for a leave of absence for two or three days, so that he might go to the city of Bluffton, Indiana. The leave was granted. He went to Bluffton on the evening of May 1, 1928, and was to return to his duties on May 5th. He did not return on that date, and left the state of Indiana without the knowledge or consent of the police department or the board of public safety; that he did not return to the state of Indiana until the 2nd day of June, 1928; that during that time the police department had no knowledge or information as to his whereabouts; that upon his return to the city of Fort Wayne he did not appear at the city hall and the police department until the latter part of June or the first part of July, 1928; that he never demanded a hearing upon the question of his dismissal; "that the relator since the 5th day of May, 1928, has wholly failed to report for duty as a police officer of said City"; that he never had a leave of absence for the purpose of traveling to study and analyze traffic problems; and that the relator abandoned and surrendered his position as a police officer voluntarily. There were conclusions of law, and judgment against appellant.

Error is assigned upon the conclusion of law and upon the overruling of appellant's motion for a new trial.

It is contended that the decision is contrary to law for the reason that it is based on facts which were not

within the issues. This seems to be on the theory that, under the general denial, the court could hear no evidence except concerning matters directly averred in the complaint. It is well settled, however, that, under a general denial, any fact may be proven which tends to show that the material allegations of the complaint are not true.

It is also contended that the findings as to a failure to demand a hearing are not sustained by the evidence. There is ample evidence from which it may be concluded that the relator abandoned his position and did not intend to return. He was married during the first two or three days of his absence. On the application for a license he did not give his occupation as a police officer, but as a laborer. He then left the state, and never in any manner notified the city, or the board of public safety, or his superior officers, of his whereabouts or intentions, until about the first of July, when he went to the secretary of the board and requested not a hearing upon the charges, but an application blank for reinstatement, which he was given and which he filed with the board of public safety about the middle of September, 1928. He filed other applications for reinstatement in October, 1931, and in January, 1935. These applications would imply acquiescence in his dismissal. There is evidence that, several months after his return to Fort Wayne, he approached the mayor in regard to his dismissal, and was advised that he had a right to demand a hearing.

The statute in effect at the time of relator's dismissal, section 10864 Burns' Ann. St. 1926, provides that members of the police force "may be removed for any cause other than politics, after an opportunity for a hearing is given, if demanded, and the written reasons for such removal shall be entered upon the records of such board." The law cannot be construed as re-

quiring that a member of the police force may absent himself from his duties, and from the state, indefinitely, and that he must be continued on the rolls as a member of the force until such time as he chooses to return, after which charges must be preferred, and notice served upon him, and a hearing had, before he can be dismissed and considered no longer a member of the force. There cannot be the slightest question that, under relator's own testimony, there were ample grounds for his dismissal and discharge. The provisions of the statute for a hearing before dismissal are intended for the protection of those who are serving, or offering to serve, on the force, and not for those who abandon responsible duties. The board of safety seems to have made an effort to follow the statute. The reasons for removal were entered upon the records of the board. There was no way of notifying relator, so as to give him an opportunity for a hearing, since, through his own fault, his whereabouts were unknown. The secretary of the board and others testified that he never demanded a hearing, and that a hearing was never refused. It is not even contended that concealment of his whereabouts would prevent the board from acting. If it were, the contention could not be sustained.

Judgment affirmed.